# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| **DEBORAH DESANTIAGO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 15-1273-JWL** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Supplemental Security Income (SSI) benefits under sections 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this order.

## I.    Background

Plaintiff applied for SSI benefits, alleging disability beginning February 23, 2012. (R. 12, 200).[1] Plaintiff exhausted proceedings before the Commissioner, and now seeks

_____

[1]Plaintiff does not argue the onset date is erroneous. But see, (R. 58-59, 185, 201).

judicial review of the final decision denying benefits.  Plaintiff argues that the ALJ erred because she failed to specify both in the residual functional capacity (RFC) she assessed and to the vocational expert the frequency at which Plaintiff needs to alternate positions. The court agrees that this is legal error requiring remand.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by

2

other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

## II.    Discussion

Plaintiff argues that Social Security Rulings (SSR) 96-9p and 83-12, and Tenth Circuit case law require that when an ALJ assesses a need for a claimant to alternate sitting and standing, and that need cannot be accommodated by scheduled breaks and a lunch period, the ALJ must provide an RFC assessment which is specific regarding the frequency of that individual's need to alternate sitting and standing.  (Pl. Br. 12-13)[2] (quoting SSR 96-9p, 1996 WL 374185 at *7 (July 2, 1996) and SSR 83-12, 1983 WL 31253 at *4 (Jan. 1, 1983) (and citing Maynard v. Astrue, 276 F. App'x 726, 731 (10th Cir. Feb. 16, 2007); Vail v. Barnhart, 84 F. App'x 1, 2-3 (10th Cir. Nov. 26, 2003); and Amer v. Apfel, Nos. 99-7128, 98-CV-424-S, 2000 WL 743680, *2 (10th Cir. June 9, 2000)).  She argues that this requirement applies regardless of whether the ALJ assesses an RFC for sedentary work or for light work.  Id. at 14-15.  She claims that the error in this case results from the ALJ's RFC which stated only that Plaintiff "requires a sit/stand option" (R. 16), and from the ALJ's hypothetical question to the vocational expert (VE)

---

[2]Plaintiff's Briefs do not have page numbers, but the court cites to the page numbers provided by the software it uses to download the "pdf" file of Plaintiff's Briefs from the court's Case Management/Electronic Case Filing (CM/ECF) system.

which stated only that "[i]n essence, I'm contemplating a sit/stand option." (R. 66). The Commissioner argues that any deficiency in the RFC assessed is not reversible error because SSR 96-9p does not apply to cases such as this where the ALJ assesses a range of light work rather than sedentary work, because SSR 83-12 instructs the ALJ to consult a VE in a case such as this which "is precisely what the ALJ did," and because "more recent Tenth Circuit . . . case law . . . addresses this issue." (Comm'r Br. 6) (citing Vititoe v. Colvin, 549 F. App'x 723, 731 (10th Cir. Nov. 29, 2013) ("SSR 96-9p is not applicable"). The court agrees with Plaintiff.

Both parties agree that the ALJ told the VE that she was contemplating "a sit/stand option," and that the RFC she ultimately assessed included the requirement that Plaintiff have "a sit/stand option." (Pl. Br. 16); (Comm'r Br. 7, 8).[3] And, the court finds that they are correct. (R. 16, 66). Their argument is over whether the law requires greater specificity in describing the frequency of a sit/stand option in a case such as this, and that is the issue the court must address.

To properly set the stage, the court explains the sitting, standing and walking requirements of the RFC assessed in this case, and the regulatory sitting, standing and walking requirements of both sedentary and light work. As relevant to sitting, standing and walking, the ALJ found that Plaintiff:

---

[3]Although the Commissioner's Brief does not specifically quote the ALJ's hypothetical regarding a sit/stand option, it argues that the VE "in this case fully understood the impact" of the ALJ's sit/stand option. (Comm'r Br. 8).

has the residual functional capacity to perform light work, as defined in 20
CFR § 416.967(b).  Specifically, claimant is able to lift and carry 10 pounds
frequently and up to 20 pounds occasionally.  She is able to push and pull
these same weights but only occasionally with her right lower extremity.
Claimant is able to sit for 4 hours out of 8 hours; stand for 2 hours out of 8
hours; and walk for 2 hours out of 8 hours.  She requires a sit/stand option.

(R. 16) (bolding omitted).

Social Security regulations provide that "[j]obs are sedentary if walking and

standing are required occasionally," and that a job is in the light category "when it

requires a good deal of walking or standing, or when it involves sitting most of the time

with some pushing and pulling of arm or leg controls."  20 C.F.R. § 416.967.  "If

someone can do light work, [the Social Security Administration] determine[s] that he or

she can also do sedentary work unless there are additional limiting factors such as . . .

inability to sit for long periods of time."  Id. at § 416.967(b).  "'Occasionally' means

occurring from very little up to one-third of the time.  Since being on one's feet is

required 'occasionally' at the sedentary level of exertion, periods of standing or walking

should generally total no more than about 2 hours in an 8-hour workday, and sitting

should generally total approximately 6 hours of an 8-hour workday."  SSR 83-10, Titles II

and XVI:  Determining Capability to Do other Work-The Medical-Vocational Rules of

Appendix 2, 1983 WL 31251, *5 (effective Feb. 26, 1979).  "'Frequent' means occurring

from one-third to two-thirds of the time.  Since frequent lifting or carrying requires being

on one's feet up to two-thirds of a workday, the full range of light work requires standing

or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."  Id.

1983 WL 31251, at *6.  "Many unskilled light jobs are performed primarily in one location, with the ability to stand being more critical than the ability to walk."  Id.

As assessed by the ALJ, Plaintiff cannot perform the full range of sedentary work because she cannot sit for 6 hours out of an 8-hour workday.  Moreover, she cannot perform the full range of light work because she can stand and walk only two hours each in a workday and she cannot sit "most of the time" to perform all of those light jobs which involve "sitting most of the time with some pushing and pulling of arm or leg controls" because she can only sit four hours in a workday.  In fact, in accordance with her capabilities as determined by the ALJ Plaintiff can only perform those particular jobs in which she is able to sit approximately four hours and stand and walk approximately two hours each in an eight-hour workday.  And, to this limitation is added that Plaintiff must alternate sitting and standing.

The Commissioner is technically correct when she argues that SSR 96-9p does not apply to light work and that the ALJ called upon the services of a VE as required by SSR 83-12.  However, the Commissioner's argument ignores the rationale behind both of these Rulings.  The purpose of SSR 96-6p is "[t]o explain the Social Security Administrations policies regarding the impact of a residual functional capacity (RFC) assessment for less than a full range of sedentary work."  1996 WL 374185, Policy Interpretation Ruling Titles II and XVI: Determining Capability to Do Other Work–Implications of a Residual Functional Capacity for Less than a Full Range of Sedentary Work (July 2, 1996).  The Commissioner is correct that the ALJ found Plaintiff is capable of performing light work,

but she ignores that when a claimant can do light work, the Social Security Administration determines that she can also do sedentary work unless there are additional limiting factors.  Because Plaintiff has the additional limiting factor of an inability to sit longer than four hours in a workday, she cannot perform the full range of sedentary work. Therefore by its very purpose to explain the impact of an RFC for less than a full range of sedentary work, SSR 96-6p applies in this case.  And, it provides that an "RFC assessment must be specific as to frequency of the individual's need to alternate sitting and standing.  It may be useful in these situations to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work."  1996 WL 374185, at *7.

As the Commissioner tacitly admits, SSR 83-12 also applies in this case because it relates to applying the Medical-Vocational Rules as a framework when evaluating exertional limitations within a range of work or between ranges of work.  That ruling specifically addresses cases such as that presented here with "an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing."  1983 WL 31523, <u>Titles II and XVI:  Capability to Do Other Work–The Medical-Vocational Rules as a Framework for Evaluating Exertional Limitations Within a Range of Work or Between Ranges of Work</u> (Effective Feb. 26, 1979).  The ruling recognizes that an individual who can meet her need to vary sitting and standing within the standard breaks and lunch periods would be able to perform a defined range of work, and no special consideration is necessary.  <u>Id.</u>

1983 WL 31523, * 4.  The ruling contemplates, however, the case of an individual who must alternate sitting and standing and "is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and in the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work."  Id.  The ruling notes that "most jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task.  Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will.  In cases of unusual limitation of ability to sit or stand, a VS [(vocational source such as a VE)] should be consulted to clarify the implications for the occupational base."  Id.

The Commissioner argues that the ALJ did precisely as SSR 83-12 suggested when she called a VE to testify at the hearing in this case.  She is correct that the ALJ called on the services of a VE at the hearing, but she ignores that the ALJ was even less specific in the hypothetical she presented to the VE than she was in the limitation she finally assessed in the decision at issue.  In the decision, the ALJ found that Plaintiff "requires a sit/stand option," but she said nothing further regarding that issue.  (R. 16).  The ALJ recognized Plaintiff's testimony that her physical impairments "limit her from sitting, standing, or walking more than 15 minutes at a time." (R. 17-18).  She found that Plaintiff's allegations are not entirely credible (R. 19), but she also found that Plaintiff "requires a sit/stand option" and she did not specify the credibility of Plaintiff's allegation regarding sitting, standing, or walking fifteen minutes at a time.  Based on this record and

on the lack of explanation in the decision, Plaintiff, the court, and anyone else reviewing this case cannot know how frequently the ALJ determined that Plaintiff must alternate sitting and standing.  Perhaps the ALJ accepted Plaintiff's testimony and found that she must alternate at fifteen minute intervals.  Perhaps the ALJ rejected this testimony completely and determined that Plaintiff is able to accommodate her need to alternate within the framework of breaks and lunch time.  That is unknowable based on this record, and the court may not make that determination in the first instance.

Testimony elicited by hypothetical questions must relate with precision all of a claimant's impairments.  Gay v. Sullivan, 986 F.2d 1336, 1340 (10th Cir. 1993).  Here, the ALJ stated in her hypothetical questioning of the VE that, "In essence, I'm contemplating a sit/stand option."  (R. 66).  Therefore, the court cannot know how the VE interpreted the ALJ's contemplation.  Presumably the VE heard Plaintiff's testimony that she could only sit, stand, or walk fifteen minutes at a time, but the ALJ did not tell her to accept that testimony.  And the ALJ did not tell the VE that she found Plaintiff not entirely credible.  The Commissioner's argument that the VE "fully understood the impact [of the sit/stand option because] she identified jobs consistent with the sit/stand option as the ALJ articulated it," utilizes circular reasoning because it presumes certain (unstated) sit/stand limitations in the jobs identified by the VE and attributes those limitations to the ALJ's statement that she was contemplating a sit/stand option.

In order for the court to affirm the Commissioner's decision, it would first be required to determine in the first instance a sit/stand option which is supported by the

10

record evidence and which is also consistent with the representative jobs proposed by the vocational expert in this case.  Then it would have to find that the VE understood that sit/stand option to be the sit/stand option contemplated by the ALJ in her hypothetical questioning.  That is both a determination which the court is prohibited from making and a finding which has no basis in the record evidence.

The unpublished Tenth Circuit cases cited by the parties do not require a different determination.  Although the court believes the cases cited in Plaintiff's Brief are more persuasive, and more faithfully apply the controlling regulations and rulings, than those cited by the Commissioner, the only principle established with certainty by the cases considered as a whole is that judicial review of Social Security decisions is constrained by the particular facts and circumstances of the record in particular cases.  In the facts and circumstances present here, the ALJ failed to specify properly the frequency of Plaintiff's need to alternate sitting and standing, and remand is necessary to correct that error.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 15th  day of June 2016, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**

11